Pending_Fee

# Mississippi Electronic Courts
## Ninth Circuit Court District (Warren Circuit Court)
## CIVIL DOCKET FOR CASE #: 75CI1:21-cv-00132

HOLMES v. RIVERWALK CASINO HOTEL, LLC et al
Assigned to: Honorable M James Chaney, Jr

**Upcoming Settings:**

None Found

Date Filed: 08/03/2021
Current Days Pending: 72
Total Case Age: 72
Jury Demand: None
Nature of Suit: Premises Liability (187)

---

**Plaintiff**

**JANICE HOLMES**                          represented by   **Martin R. Jelliffe**
                                                            Morgan & Morgan, PLLC
                                                            4450 Old Canton Rd.
                                                            Ste 200
                                                            JACKSON, MS 39211
                                                            601-503-1676
                                                            Email: mjell3067@gmail.com
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**RIVERWALK CASINO HOTEL, LLC**            represented by   **Jason H. Strong**
                                                            Daniel Coker
                                                            P.O. Box 1084
                                                            JACKSON, MS 39215
                                                            601-969-7607
                                                            Fax: 601-969-1116
                                                            Email: jstrong@danielcoker.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**MAGNOLIA HILL, LLC.**                    represented by   **Jason H. Strong**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**POT OF GOLD, LLC**                       represented by   **Jason H. Strong**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/03/2021 | 1 | COMPLAINT against JOHN DOES 1-10, MAGNOLIA HILL, LLC., POT OF GOLD, LLC, RIVERWALK CASINO HOTEL, LLC, filed by JANICE HOLMES. (Attachments: # 1 Civil Cover Sheet, # 2 Receipt,) (Stevens, Kelly) (Entered: 08/04/2021) |
| 08/03/2021 | 2 | SUMMONS Issued to MAGNOLIA HILL, LLC.. (Stevens, Kelly) (Entered: 08/04/2021) |
| 08/03/2021 | 3 | SUMMONS Issued to POT OF GOLD, LLC. (Stevens, Kelly) (Entered: 08/04/2021) |
| 08/03/2021 | 4 | SUMMONS Issued to RIVERWALK CASINO HOTEL, LLC. (Stevens, Kelly) (Entered: 08/04/2021) |
| 09/01/2021 | 5 | ANSWER to 1 Complaint *(with Defenses)* by MAGNOLIA HILL, LLC., POT OF GOLD, LLC, RIVERWALK CASINO HOTEL, LLC. (Strong, Jason) (Entered: 09/01/2021) |
| 09/01/2021 | 6 | NOTICE OF SERVICE of Interrogatories Propounded to Plaintiff, NOTICE OF SERVICE of Request for Admissions Propounded to Plaintiff, NOTICE OF SERVICE of Request for Production of Documents Propounded to Plaintiff by MAGNOLIA HILL, LLC.. (Strong, Jason) (Entered: 09/01/2021) |
| 09/22/2021 | 7 | NOTICE OF SERVICE of Responses to Request for Admissions by JANICE HOLMES. (Jelliffe, Martin) (Entered: 09/22/2021) |

## IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

JANICE HOLMES                                                    **PLAINTIFF**

VS.                                                   CAUSE NO.: 21, 0132-CI

RIVERWALK CASINO HOTEL, LLC;
MAGNOLIA HILL, LLC;                    AUG 03 2021
POT OF GOLD, LLC; AND
JOHN DOES 1-10                    JAN HYLAND DAIGRE, CIRCUIT CLERK    **DEFENDANT(S)**

                                  BY_____D.C.
                                  **COMPLAINT**
                              **(JURY TRIAL REQUESTED)**

        **COMES NOW,** the Plaintiff, Janice Holmes, (hereinafter "Plaintiff") by and through her

counsel of record, and hereby files this Complaint against Riverwalk Casino Hotel, LLC, Magnolia

Hill, LLC, Pot of Gold, LLC, and John Does 1-10 (sometimes herein referred to as "Defendant"

and/or "Riverwalk"), and in support thereof states as follows:

### I. PARTIES

        1.      The Plaintiff is an adult resident citizen of Madison, Mississippi, and currently

resides at 150 McHarris Road, Madison, Mississippi 39110.

        2.      The Defendant, Riverwalk Casino Hotel, LLC. is a Limited Liability Company

incorporated in the State of Delaware, and doing business in the State of Mississippi, whose

agent for service of process is C T Corporation System located at 645 Lakeland East Drive, Suite

101, Flowood, Mississippi 39232 or wherever they may be found.

        3.      The Defendant, Magnolia Hill, LLC. is a Limited Liability Company incorporated

in the State of Delaware, and doing business in the State of Mississippi, whose agent for service

of process is C T Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood,

Mississippi 39232 or wherever they may be found.

        4.      The Defendant, Pot of Gold, LLC. is a Limited Liability Company incorporated in

the State of Delaware, and doing business in the State of Mississippi, whose agent for service of

process is C T Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 or wherever they may be found.

5.      Defendants', John Does 1-10, are other Defendants whose names, whereabouts, and/or involvement are at this time unknown to the plaintiff but who may be added at a later date. John Does 1-10 include owners, operators, managers, and all other entities, corporate and/or individuals of the Defendants' Riverwalk Casino Hotel, LLC, Magnolia Hill, LLC, and Pot of Gold, LLC, and/or other persons, entities, and/or corporations that were in some manner negligently and proximately responsible for the events and happening alleged in this Complaint and for Plaintiff's injuries and damages.

## II. JURISDICTION AND VENUE

6.      This Court has jurisdiction of the parties and the subject matter of this action. Venue is proper as this civil action arises out of negligence acts and omissions committed in Warren County, Mississippi, and the cause of action occurred and/or accrued in Warren County, Mississippi.

## III. FACTS

7.      The Plaintiff adopts and herein incorporates by reference every allegation as set forth above.

8.      At all times mentioned in this Complaint, the Defendant managed, leased, owned and/or operated the hotel located at 1046 Warrenton Road, Vicksburg, Mississippi 39180.

9.      At all times mentioned in this Complaint, the Defendant invited the general public, including the Plaintiff, to enter the Defendants hotel located at 1046 Warrenton Road, Vicksburg, Mississippi 39180 for reasons mutually advantageous to both the Defendant and Plaintiff.

10.     On or about November 26, 2019, Plaintiff, Janice Holmes, was walking into the

hotel on the property of the Defendant's hotel located within the geographical boundaries of

Warren County, Mississippi, located at 1046 Warrenton Road, Vicksburg, Mississippi 39180,

when suddenly and without warning the broken door fell on the Plaintiff, with no warnings of

same, causing Plaintiff to sustain injuries including but not limited to her right shoulder.

### COUNT 1- CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANTS, RIVERWALK CASINO, LLC.; MAGNOLIA HILL, LLC.; AND POT OF GOLD, LLC

11.     Plaintiff realleges and reasserts the allegations contained within paragraphs one

(1) through ten (10) as if fully set forth herein.

12.     At said time and place, Defendants, as owner and/or operator of the store, owed a

duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of

any dangerous conditions not readily apparent of which it knew or should have known in the

exercise of reasonable care, to conduct reasonable inspections to discover dangerous conditions

existing on the premises, and to correct any such dangerous conditions.

13.     At said time and place, Defendant breached these duties to Plaintiff by

committing one or more of the following omissions or commissions:

a)  Negligently failing to maintain or adequately maintain the front doors, thus creating a
    hazard to members of the public utilizing said premises, including the Plaintiff herein,
    thus creating an unreasonably dangerous condition for Plaintiff

b)  Negligently creating a hazard to members of the public utilizing said premises,
    including the Plaintiff herein, thus creating an unreasonably dangerous condition for
    Plaintiff;

c)  Negligently failing to inspect or adequately inspect the front door, as specified above,
    to ascertain whether the door, which was poorly maintained, constituted a hazard to
    patrons utilizing said entrance, including the Plaintiff herein, thus creating an
    unreasonably dangerous condition to the Plaintiff;

d)  Negligently failing to inspect or adequately warn the Plaintiff of the danger of the
    door, when Defendant knew or through the exercise of reasonable care should have

known that said premises' front door was unreasonably dangerous and that Plaintiff was unaware of same;

e)  Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous condition of the door, when said condition was either known to Defendants or had existed for a sufficient length of time such that Defendants should have known of same had Defendants exercised reasonable care;

f)  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the door for dangerous conditions;

g)  Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the Defendant's front door for dangerous conditions;

h)  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)  Negligently failing to have adequate policies in place to identify and correct dangerous conditions created by a broken door without any warnings to Plaintiff, that were not timely identified by Defendants' employees and corrected/remedied or for which notice was given to guests at the premises;

j)  Negligently failing to act reasonably under the circumstances;

k)  Negligently engaging in a mode of operations when Defendants knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

l)  Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

m)  Negligently failing to install, maintain and provide a safe front door within the subject premises.

### COUNT II- CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDNATS, RIVERWALK CASINO, LLC.; MAGNOLIA HILL, LLC.; AND POT OF GOLD, LLC

14.  Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through ten (10) as if fully set forth herein.

15.  At said time and place, Defendants' breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the front doors, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b) Negligently creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the front door, as specified above, to ascertain whether the door, which was poorly maintained, constituted a hazard to patrons utilizing said entrance, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the door, when Defendant knew or through the exercise of reasonable care should have known that said premises' front door was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous condition of the door, when said condition was either known to Defendants or had existed for a sufficient length of time such that Defendants should have known of same had Defendants exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the door for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the Defendant's front door for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify and correct dangerous conditions created by food on the floor without any warnings to Plaintiff, that were not timely identified by Defendants' employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to act reasonably under the circumstances;

k) Negligently engaging in a mode of operations when Defendants knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

l) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

m) Negligently failing to install, maintain and provide a safe front door within the subject premises.

16. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

17. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendants' owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

18. Further, Defendant was negligent through the actions and inactions of it agents, representatives, and/or employees. The negligence of the Defendant includes, but is not necessarily limited to, the following:

a) Failure to adequately inquire into the competence of employees and/or others, if any, that were responsible for maintaining safe conditions in the building, including the front door;

b) Failure to adequately train and supervise employees and/or others, if any, that were responsible for maintaining safe conditions in the building, including the front door;

c) Failure to comply with industry standards/regulations and the law of the State of Mississippi; and

d) Other acts of negligence to be shown at the trial of this cause.

19. Defendant's breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

a. past, present, and future physical pain and suffering;

b. past, present, and future medical expenses;

c. past, present, and future loss of enjoyment of life;

d. past, present and future mental and emotional pain and suffering;

e. permanent physical restrictions, limitations, and/or disability;

f. loss of earning;

g.   loss of the ability to earn money;

h.   aggravation of pre-existing condition; and

i.   any other damages allowed by Mississippi law.

### PRAYER OF RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Janice Holmes, requests a

trial by jury and demands damages including actual, compensatory, consequential, and incidental

damages, for physical injuries; past, present, and future physical and emotional pain and

suffering, past, present, and future medical expenses; and any other special damages that may be

incurred by the Plaintiff, together with attorney fees, costs of suit and any further relief as the

Court may deem proper.

RESPECTFULLY SUBMITTED, this the _28th_ day of July, 2021.

JANICE HOLMES, PLAINTIFF

BY: _____
MARTIN R. JELLIFFE, Esq.

OF COUNSEL:

MORGAN & MORGAN, PLLC
MARTIN R. JELLIFFE (MSB# 3067)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 503-1676
Facsimile: (601) 503-1625
Email: mjelliffe@forthepeople.com

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party
Prior to Filing of Pleading)*

Mississippi Supreme Court   Form AOC/01
Administrative Office of Courts   (Rev 2016)

**Court Identification Docket #**
County # `75` | Judicial District `9` | Court ID (CH, CI, CO) `CI`

**Case Year** `2021`

**Docket Number** `132`

Local Docket ID `CI`

Month `08` Date `03` Year `21`
This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the CIRCUIT Court of WARREN County — Judicial District

**Origin of Suit (Place an "X" in one box only)**
[X] Initial Filing · [ ] Reinstated · [ ] Foreign Judgment Enrolled · [ ] Transfer from Other court · [ ] Other
[ ] Remanded · [ ] Reopened · [ ] Joining Suit/Action · [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual: Holmes (Last Name), Janice (First Name)

Attorney (Name & Address): Martin R. Jelliffe Esq. 4450 Old Canton Rd. Suite 200; Jackson, MS 39211   MS Bar No. 3067

Signature of Individual Filing: Martin R. Jelliffe

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Business: Riverwalk Casino Hotel, LLC

**Nature of Suit (Place an "X" in one box only)**

Torts: [X] Premises Liability

IN THE <u>CIRCUIT</u> COURT OF <u>WARREN</u> COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - ___         _____         Docket No. If Filed
    File Yr      Chronological No.     Clerk's Local ID         Prior to 1/1/94_____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

### Defendant #2:

Individual: _____ _____ ( _____ ) _____ _____
           Last Name         First Name      Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
    D/B/A _____

Business <u>Magnolia Hill, LLC</u>
        Enter legal name of business, corporation, partnership, agency – If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

### Defendant #3:

Individual: _____ _____ ( _____ ) _____ _____
           Last Name         First Name      Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
    D/B/A _____

Business <u>Pot of Gold, LLC</u>
        Enter legal name of business, corporation, partnership, agency – If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

### Defendant #4:

Individual: _____ _____ ( _____ ) _____ _____
           Last Name         First Name      Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
    D/B/A _____

Business _____
        Enter legal name of business, corporation, partnership, agency – If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Warren County

JANICE HOLMES VS RIVERWALK CASINO HOTEL, LLC ET AL

Case # 21,0132-CI        Acct #        Paid By CHECK 66823      Rct#  87755
--------------------------------------------------------------------------
                    CLERK FEE                           85.00
                    JURY TAX                             3.00
                    COURT ADM                            2.00
                    COURT REPORTER                      10.00
                    LAW LIBRARY                          2.50
                    COURT CONSTITUENT                     .50
                    STATE COURT ED                       2.00
                    COMPR COURT FUND                     10.00
                    CIVIL ASSIST FUND                     5.00
                    JUDICIAL SYSTEM OPR                  40.00
                    COURT ADM(LOCAL)                      2.00
                    ARCHIVE FEE CIVIL                     1.00


                                              ===========
                                  Total   $       163.00
--------------------------------------------------------------------------


Payment received from Martin R. Jelliffe
                      P.O. BOX 651

                    JACKSON           MS 39205

Transaction   99132 Received   8/ 3/2021 at 16:22 Drawer    1 I.D. KS

Current Balance Due          $0.00            Receipt Amount $    163.00


   By _____D.C.  Jan H. Daigre, Circuit Clerk



Case # 21,0132-CI       Acct #        Paid By CHECK 66823      Rct#  87755

**IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI**

**JANICE HOLMES**                                              **PLAINTIFF**

**VS.**                                              CAUSE NO.: 21 0132-CO

**RIVERWALK CASINO HOTEL, LLC.;**
**MAGNOLIA HILL, LLC;**
**POT OF GOLD, LLC; AND**
**JOHN DOES 1-10**                                   **DEFENDANT(S)**

<u>SUMMONS</u>

**STATE OF MISSISSIPPI**
**COUNTY OF WARREN**

TO:   Magnolia Hill, LLC
Attn: C.T. Corporation System
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232        or wherever they maybe found.

<b>NOTICE TO DEFENDANT</b>

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to Martin R. Jelliffe, Esq, attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your responses with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this _3_ day of _August_, 2021.

**HONORABLE DONNA JAN HYLAND DAIGRE**
**WARREN COUNTY CIRCUIT CLERK**

By: _____, D.C

## IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

JANICE HOLMES                                             **PLAINTIFF**

VS.                                         CAUSE NO.: _21, 0132-CO_

RIVERWALK CASINO HOTEL, LLC.;
MAGNOLIA HILL, LLC;
POT OF GOLD, LLC; AND
JOHN DOES 1-10                                           **DEFENDANT(S)**

### SUMMONS

STATE OF MISSISSIPPI
COUNTY OF WARREN

TO:     Pot of Gold, LLC
        Attn: C.T. Corporation System
        645 Lakeland East Drive, Suite 101
        Flowood, Mississippi 39232          or wherever they maybe found.

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS
IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT
YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to Martin R. Jelliffe, Esq,
attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road,
Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days
from the date of delivery of this Summons and Complaint or a judgment by default will be entered against
you for the money or other things demanded in the Complaint. Your written responses to the Discovery
which is simultaneously being served with the Complaint must be mailed or delivered within forty-five
(45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your responses with the Clerk of this Court within a reasonable
time afterward.

Issued, under my hand and the seal of said Court, ~~this~~ _3_ day of _August_ , 2021.

**HONORABLE DONNA JAN HYLAND DAIGRE
WARREN COUNTY CIRCUIT CLERK**

By: _____ , D.C

## IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

**JANICE HOLMES**                                                **PLAINTIFF**

**VS.**                                                          CAUSE NO.: 21,0132-CO

**RIVERWALK CASINO HOTEL, LLC.;**
**MAGNOLIA HILL, LLC;**
**POT OF GOLD, LLC; AND**
**JOHN DOES 1-10**                                               **DEFENDANT(S)**

**SUMMONS**

**STATE OF MISSISSIPPI**
**COUNTY OF WARREN**

>   TO:   Riverwalk Casino Hotel, LLC
>         Attn: C.T. Corporation System
>         645 Lakeland East Drive, Suite 101
>         Flowood, Mississippi 39301   or wherever they maybe found.

**NOTICE TO DEFENDANT**

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS**
**IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT**
**YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to Martin R. Jelliffe, Esq, attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your responses with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this 3 day of August, 2021.

**HONORABLE DONNA JAN HYLAND DAIGRE**
**WARREN COUNTY CIRCUIT CLERK**

By _____, D.C

IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

JANICE HOLMES                                                              PLAINTIFF

VS.                                                      CIVIL ACTION NO.  21,0132-CI

RIVERWALK CASINO HOTEL, LLC;
MAGNOLIA HILL, LLC; POT OF GOLD,
LLC; AND JOHN DOES 1-10                                           DEFENDANTS

### JOINT ANSWER AND DEFENSES OF MAGNOLIA HILL, LLC, RIVERWALK CASINO HOTEL, LLC, AND POT OF GOLD, LLC

Defendants Magnolia Hill, LLC, Riverwalk Casino Hotel, LLC (a non-entity), and Pot of Gold, LLC (a non-entity) state as follows for their answer and defenses to the complaint:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted in some or all respects.

### ANSWER

Subject to the preceding, defendants respond to the complaint, paragraph by paragraph, as follows:

1.      The allegations are not directed at defendants and require no response.

2.      The allegations are denied as they are stated.

3.      Admitted.

4.      The allegations are denied as they are stated.

5.      The allegations are denied to the extent they attempt to aver liability on defendants.

6.      It is denied that jurisdiction exists with respect to the non-entities.  Otherwise, jurisdiction and venue are not contested.  All remaining allegations are denied, including any assertion that defendants were negligent.

{D1740474.1}

7.      Defendants adopt and incorporate their previous responses.

8.      It is admitted that Magnolia Hill, LLC operates the Riverwalk Hotel and Casino at the address alleged.  All remaining allegations are denied.

9.      It is admitted that the premises was held open to the general public, including plaintiff, by Magnolia Hill, LLC for reasons that were advantageous to each.  Any remaining allegations are denied as they are stated.

10.     It is admitted that plaintiff bumped her shoulder on a door as she was entering the premises on the date alleged.  All remaining allegations are denied.

11.     Defendants adopt and incorporate their previous responses.

12.     The allegations attempt to state legal duties owed and no response is required as Mississippi law governs and speaks for itself regarding duties owed.  In the event a response is required, it is admitted Magnolia Hill, LLC owed only those duties prescribed by law.  All remaining allegations are denied.

13.     Denied, including all subparts.

14.     Defendants adopt and incorporate their previous responses.

15.     Denied, including all subparts.

16.     It is admitted that Magnolia Hill, LLC operates the Riverwalk Hotel and Casino. Any remaining allegations are denied.

17.     The allegations attempt to state legal duties owed and no response is required as Mississippi law governs and speaks for itself regarding duties owed.  In the event a response is required, it is admitted Magnolia Hill, LLC owed only those duties prescribed by law.  All remaining allegations are denied.

18.     Denied, including all subparts.

19.     Denied, including all subparts.

Defendants deny the next unnumbered paragraph beginning "WHEREFORE."

And now, defendants state the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The sole proximate cause of the accident and any damages alleged was the negligence of plaintiff.  Such negligence of plaintiff includes, but is not necessarily limited to, failing to use reasonable care for her own safety, keep a proper lookout, see that which she should have seen, heed a warning to use a different door, and other acts or omissions to be demonstrated during discovery.  Alternatively, such negligence was a proximate contributing cause of the accident and any damages alleged and must be apportioned under principles of comparative negligence and Mississippi Code Annotated Sections 85-5-7 and 11-7-15.

### SECOND AFFIRMATIVE DEFENSE

Any dangerous condition, which is denied, would have been open and obvious and plaintiff could have avoided injury through the exercise of reasonable care for her own safety.

### THIRD AFFIRMATIVE DEFENSE

Defendants plead and invoke all rights and defenses available under Mississippi Code Annotated Section 11-1-60, including all limitations on the amount and type of recoverable damages.

### FOURTH AFFIRMATIVE DEFENSE

In the event plaintiff is not afforded invitee status, her claim fails as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff seeks certain damages not recoverable as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

Any damages sustained may have been caused by one or more intervening and/or superseding causes for which defendants are not liable.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants give notice that they reserve the right to assert other affirmative defenses as further investigation or discovery may reveal.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has the duty to mitigate damages.  Any damages which could have been mitigated but were not are not recoverable.

Respectfully submitted,

MAGNOLIA HILL, LLC, RIVERWALK CASINO HOTEL, LLC, AND POT OF GOLD, LLC

BY:   /s/ Jason H. Strong
        OF COUNSEL

JASON H. STRONG - MS BAR NO. 100004
jstrong@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2021, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

/s/ Jason H. Strong

IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

JANICE HOLMES                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO.  21,0132-CI

RIVERWALK CASINO HOTEL, LLC;
MAGNOLIA HILL, LLC; POT OF GOLD,
LLC; AND JOHN DOES 1-10                                        DEFENDANTS

## <u>NOTICE OF SERVICE</u>

TO:    All Counsel of Record

Notice is hereby given that Magnolia Hill, LLC has this date served in the above-entitled action:

1.    First Set of Interrogatories to Plaintiff by Magnolia Hill, LLC;

2.    First Requests for Production to Plaintiff by Magnolia Hill, LLC;  and

3.    Requests for Admissions to Plaintiff.

The undersigned retains the originals of the above papers as custodian thereof pursuant to the local rules.

This the 1st day of September, 2021.

Respectfully submitted,

MAGNOLIA HILL, LLC

BY:    */s/ Jason H. Strong*
_____
OF COUNSEL

{D1741241.1}

JASON H. STRONG - MS BAR NO. 100004
jstrong@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2021, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

*/s/ Jason H. Strong*

**IN THE CIRCUIT COURT WARREN COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

JANICE HOLMES                                                        **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO. 21,0132-CI**

**RIVERWALK CASINO HOTEL, LLC; POT**                    **DEFENDANT**
**OF GOLD MAGNOLIA HILL, LLC;**
**AND JOHN DOES 1-10**

---

**NOTICE OF SERVICE FOR PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR
ADMISSIONS TO PLAINTIFF**

---

Notice is hereby given that on September 22, 2021 Plaintiff, **JANICE HOLMES**, served the below

documents to Defendants, and has retained the originals as custodian thereof:

1. *Plaintiff, JANICE HOLMES RESPONSES TO DEFENDANTS REQUEST FOR ADMISSIONS TO PLAINTIFF.*

DATED, this, the 22ND day of September 2021.

Respectfully submitted,

JANICE HOLMES, PLAINTIFF

/e/MARTIN R. JELLIFFE
MARTIN R. JELLIFFE (MSB #3067)

MARTIN R. JELLIFFE, Esq. (MSB# 3067)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Tel:     (601) 503-1676
Fax:     (601) 503-1625
E-mail: mjelliffe@forthepeople.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Martin R. Jelliffe, do hereby certify that I have filed the foregoing document with the Clerk of the

Court and either e-mailed and/or MEC filing a copy of the above document to:

JASON H. STRONG ESQ. (MSB # 100004)
jstrong@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
P.O. Box 1084
Jackson, Mississippi 39215 - 1084
TELEPHONE: 601-969-7607
FACSIMILE:  601-969-1116
*Counsel for Defendant*

SO CERTIFIED, this the 22nd day of September 2021.


/e/ Martin R. Jelliffe_____
MARTIN R. JELLIFFE, ESQ.